J-S59009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN E. SAUERBAUM | : | |
| | : | |
| Appellant | : | No. 3682 EDA 2017 |

Appeal from the Judgment of Sentence June 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004362-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 02, 2018**

Appellant, Allan E. Sauerbaum, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for simple assault, possessing an instrument of crime ("PIC"), and recklessly endangering another person ("REAP").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we will only summarize them here.  After a night out drinking on April 9, 2016, Appellant and his wife argued.  During the course of the argument, Appellant held a gun to his wife's head, threatened to shoot her if she did not leave the house in two seconds, and then fired a shot.  Following a bench trial, the court convicted Appellant

_____

[1] 18 Pa.C.S.A. §§ 2701(a), 907(a), 2705, respectively.

of simple assault, PIC, and REAP on March 30, 2017. On June 13, 2017, the court sentenced Appellant to four (4) years' probation. Appellant timely filed post-sentence motions on June 23, 2017, challenging the sufficiency and weight of the evidence, which the court denied on October 11, 2017. Appellant timely submitted a notice of appeal on November 6, 2017. On November 13, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on December 4, 2017.

Appellant raises the following issues for our review:

> IS [APPELLANT] ENTITLED TO AN ARREST OF JUDGMENT ON THE CHARGES OF SIMPLE ASSAULT, PIC, AND RECKLESSLY ENDANGERING ANOTHER PERSON AND ALL OF THEM WHERE THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE VERDICT?
>
> IS [APPELLANT] ENTITLED TO A NEW TRIAL ON THE CHARGES OF SIMPLE ASSAULT, PIC, AND RECKLESSLY ENDANGERING ANOTHER PERSON WHERE THE VERDICT ON ALL CHARGES WAS AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 3).

Appellant first argues he did not fire the gun, and there was no evidence to prove he did. Appellant alleges there were no bullet holes or cartridge casings discovered in the home. Appellant asserts his wife was uninjured and did not have any gunshot residue on her person. Appellant maintains that even if the gun was fired, there was no proof his wife was ever in danger of any harm. Appellant contends there was insufficient evidence to sustain his

convictions for simple assault, PIC, and REAP. For the same reasons, Appellant also submits the weight of the evidence did not support the convictions. Appellant concludes he should be granted an arrest of judgment on all charges or, alternatively, a new trial. We disagree.

Appellate review of a claim challenging the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its

judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

The Pennsylvania Crimes Code defines simple assault as:

**§ 2701. Simple Assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

\* \* \*

- 4 -

18 Pa.C.S.A § 2701(a). Possessing instruments of crime is defined as:

**§ 907. Possessing instruments of crime**

**(a) Criminal instruments generally.**—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

\* \* \*

18 Pa.C.S.A. § 907(a). Section 2705 of the Crimes Code provides:

**§ 2705. Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna M. Woelpper, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, filed March 1, 2018, at 3-5) (finding: **(1)** Commonwealth presented evidence that Appellant pointed loaded gun at his wife and fired shot; even if Appellant did not fire shot, act of holding gun to his wife's head while threatening to shoot her was still sufficient to prove simple assault by physical menace; Appellant's act of placing cocked and loaded gun within inches of his wife's head and firing was also sufficient to sustain Appellant's REAP and PIC convictions; **(2)** court found wife's testimony credible that Appellant held loaded gun to her head while warning her that she

had only two seconds to get out of house; verdict does not shock one's sense of justice; Appellant's weight claim fails). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

**FILED**

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA 2018 MAR -1 PM 3:32
CRIMINAL TRIAL DIVISION

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

COMMONWEALTH OF :   CP-51-CR-0004362-2016
PENNSYLVANIA :
   :
v.    :
   :   SUPERIOR COURT
ALLAN E. SAUERBAUM    :   3682 EDA 2017

OPINION

WOELPPER, J.                MARCH 1, 2018

## I.    PROCEDURAL & FACTUAL BACKGROUND

On March 30, 2017, following a waiver trial, this Court found Allan E. Sauerbaum ("defendant") guilty of simple assault,[1] recklessly endangering another person ("REAP"),[2] and possessing an instrument of crime ("PIC").[3] Defendant appeals his judgments of sentence, challenging the sufficiency and weight of the evidence.

In the early morning hours of April 9, 2016, defendant and his wife, Kathleen Sauerbaum, were at a bar in the Bridesburg neighborhood of Philadelphia. The two had been married for approximately seventeen years but would occasionally separate. Worried that defendant had had too much to drink, Mrs. Sauerbaum took the car keys. Rather than drive home with his wife, defendant threatened to report her as having stolen the car and began to walk home. N.T. 3/27/17, 21-24, 32.

CP-51-CR-0004362-2016 Comm. v. Sauerbaum, Allan E.
Opinion



8076201871

---



[1] 18 Pa.C.S. § 2701.
[2] 18 Pa.C.S. § 2705.
[3] 18 Pa.C.S. § 907.

1

Mrs. Sauerbaum arrived at their home on Walker Street approximately one hour before defendant. As she was getting ready to go to sleep, it occurred to her to take defendant's loaded 9-mm gun from where he kept it on the nightstand and hide it under her side of the bed. When defendant came home, he asked Mrs. Sauerbaum where his gun was. She initially urged that he did not need the gun, but after he persisted, she told him where it was. Defendant pulled the gun out from under the bed, cocked it, held it to Mrs. Sauerbaum's forehead, and told her she had two seconds to get out of the house. When Mrs. Sauerbaum tried to get dressed and gather her belongings, defendant repeated that she had only two seconds to get out. Mrs. Sauerbaum then heard the sound of a gunshot "whizzing" by her right ear. She ran down the steps and out of the house. *Id.* at 25-28, 37.

During this time, Teresa Romero, who lived with her husband next door to the Sauerbaums, awoke to a loud noise. She looked out the window assuming there had been an accident, but did not see anything. The next thing she heard was someone ringing her doorbell. When she went downstairs, she saw Mrs. Sauerbaum in her pajamas. When Mrs. Romero opened the door, Mrs. Sauerbaum said that defendant was trying to kill her and asked if she could use the phone to call the police. *Id.* at 47-49.

Philadelphia Police Officer David Smith responded to the 7000 block of Walker Street for the report of a man with a gun. He first encountered Mrs. Sauerbaum at the Romero residence, where he asked her some questions. Then he and his fellow officers went next door to the Sauerbaums' home. Defendant answered the door with his 9-millimeter Sig Sauer protruding from his waistband. Police recovered the loaded handgun and took him into custody. It was loaded with one round in the chamber, and the hammer was cocked into the rear. *Id.* at 9-20.

2

After finding defendant guilty of the above charges, the Court deferred sentencing for completion of a presentence report. On June 13, 2017, the Court sentenced defendant to an aggregate term of 4 years of probation. Defendant filed a post-sentence motion on June 23, 2017, raising challenges to the weight and sufficiency of the evidence. The court denied the motion on October 11, 2017. This appeal followed.

## II.   DISCUSSION

### A. Sufficiency of the Evidence

Defendant first claims the evidence at trial was insufficient to sustain the convictions. On sufficiency review, all evidence is viewed in the light most favorable to the verdict winner to determine whether "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). The reviewing court "may not weigh the evidence and substitute [its] judgment for the fact-finder." *Id.*

Defendant claims the evidence that he held a loaded gun to his wife's head and fired a shot was insufficient to sustain his simple assault conviction. Statement of Errors, ¶ 2. One is guilty of simple assault if he "attempts to cause...bodily injury to another" or "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). Evidence that defendant pointed the loaded gun at Mrs. Sauerbaum and fired a shot was certainly sufficient evidence to sustain the conviction. Even if defendant had not fired the gun, holding it to his wife's head while threatening her was alone sufficient to prove simple assault by physical menace. *See, e.g., In re Maloney*, 636 A.2d 671, 674 (Pa. Super. 1994) (defendant guilty of simple assault where driver pointed gun at another driver while saying, "Get the f*** out of here").

3

Defendant also claims the evidence was insufficient to sustain his REAP conviction. Statement of Errors, ¶3. A conviction under 18 Pa.C.S. § 2705 requires that the Commonwealth prove that the defendant has "recklessly engage[d] in conduct which places or may place another person in danger of death or serious bodily injury." Placing a cocked and loaded gun within an inch of another person's head and firing it certainly places that individual's life in danger.

Finally, based on the above, defendant's claim that the evidence was insufficient to sustain his PIC conviction because it failed to establish that he possessed the cocked, loaded gun for criminal purposes is equally meritless.

### B. Weight of the Evidence

Defendant next claims that this Court erred in denying his weight of the evidence claim. A defendant is not entitled to a new trial based on a weight of the evidence claim unless the verdict "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Appellate review is limited to whether the trial judge palpably abused its discretion in denying the appellant's motion for a new trial. *Id.* As such, a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 879-80.

Defendant claims that "the greater weight of the evidence did not establish that [he] had a handgun; fired a handgun; or fired a handgun in such a fashion as to cause a threat to the purported victim, or fear for the purported victim." Statement of Errors, ¶4. Here, the Court, sitting as fact-finder, found Mrs. Sauerbaum's testimony that defendant held a loaded gun to her head while warning her that she had only two seconds to get out credible. Because the verdict did not shock one's sense of justice, the Court did not abuse its discretion in denying defendant's weight of the evidence claim.

4

III.    CONCLUSION

For the reasons herein, defendant's judgments of sentence should be affirmed.


BY THE COURT:

DONNA M. WOELPPER, J.

5

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | :    CP-51-CR-0004362-2016 |
| | : |
| | : |
| v. | : |
| | :    SUPERIOR COURT |
| ALLAN E. SAUERBAUM | :    3682 EDA 2017 |

## PROOF OF SERVICE

I hereby certify that I am this _/___ day of March, 2018, serving the foregoing Opinion on the persons indicated below:

**By First Class Mail**
Andrew G. Gay, Esq.
1518 Walnut Street, Ste. 807
Philadelphia, PA 19101

**By Interoffice Mail**
Lawrence Goode, Interim Supervisor
Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Anna Dillon
Secretary to the Honorable Donna M. Woelpper

6